UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VIGIL and LORI VIGIL, | No. 2:14-cv-02383-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| WASTE CONNECTIONS, INC., | |
| Defendant. | |

On February 11, 2015, the court issued an order denying Anthony and Lori Vigil's motion to remand this case to Sacramento County Superior Court and ordered the parties to show cause within fourteen days why the case should not be transferred to the District of Nebraska under 28 U.S.C. §§ 1404(a) or 1406(a). ECF No. 10. The parties have not responded to the court's order to show cause.

District courts in this circuit may raise the issue of improper venue *sua sponte* and transfer a case as provided by 28 U.S.C. § 1406(a), "so long as the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Unless otherwise

1

provided by law, "A civil action may be brought in . . . a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b).  For purposes of venue, natural persons reside in the place of their domicile, and defendant corporations reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1)–(2).

If venue is proper, a district court may nonetheless "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  A court may order such a transfer on its own motion.  *See Costlow*, 790 F.2d at 1488; *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965 (9th Cir. 1993).

The Eastern District of California is the wrong venue for this action.  No events are alleged to have occurred in California, the parties are residents of Nebraska and Texas, and California law does not appear to apply to the Vigils' claims.  *See* Order Feb. 11, 2015, at 1–2, ECF No. 10.  The parties agree the alleged accident here occurred in the District of Nebraska.  *See* Compl., Nguyen Decl. Ex. 1, at 5, ECF No. 5-3; Def.'s Opp'n Mot. Remand 2:25–27, ECF No. 6.  Venue is proper in that District.  After many more than the fourteen days allowed, the parties have not explained why this case should be litigated in this District rather than the District of Nebraska.

For these reasons, and in the interests of justice, this action is TRANSFERRED to the District of Nebraska.

IT IS SO ORDERED.

DATED: March 13, 2015.

_____
UNITED STATES DISTRICT JUDGE